IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KACEY OLSON AND SCOTT OLSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORP.; BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING LP f/k/a COUNTRYWIDE HOME LOANS SERVICING LP; EVERHOME MORTGAGE; and EVERBANK,<br><br>Defendants. | CV 14-160-BLG-CSO<br><br>**ORDER GRANTING IN PART MOTION TO TAKE JUDICIAL NOTICE** |

Plaintiffs Kacey and Scott Olson ("Olsons") filed this action in Montana state court asserting multiple claims arising from their dealings with Defendants in connection with their home mortgage. *Cmplt. (ECF 18).*[1] On December 24, 2014, Defendants Bank of America

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.*

Corporation and Bank of America, N.A.,[2] (collectively "BOA"), removed the action invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Notice of Removal (ECF 1) at ¶¶ 5-9*. Defendants EverHome Mortgage Company, LLC, and EverBank consented to removal. *Id. at ¶¶ 6.E. and 6.F.*

I. **Background**

In Count I of their Complaint, the Olsons assert claims against BOA for: (1) violations of the Montana Consumer Protection Act, *ECF 18 at ¶¶ 30-34*; (2) fraud, *id. at ¶¶ 35-38*; (3) negligent misrepresentation and negligence, *id. at ¶¶ 39-46*; (4) deceit, *id. at ¶¶ 47-49*; and (5) breach of contract, *id. at ¶¶ 50-54*. In Count II of their Complaint, the Olsons assert claims against EverHome for: (1) violations of the Montana Consumer Protection Act, *id. at ¶¶ 55-59*; (2) negligence, *id. at ¶¶ 60-62*; (3) deceit, *id. at ¶¶ 63-65*; and (4) violations of the Real Estate Settlement Procedures Act, *id. at ¶¶ 66-71*. Against all Defendants, the Olsons assert in Count III of their Complaint a

---

[2] Bank of America, N.A., is named as a defendant for itself and as successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing LP.

claim for punitive damages. *Id.* at ¶¶ *72-74*.

Three motions are now pending: (1) BOA's Amended Motion to Dismiss Plaintiffs' Complaint (*ECF 13*); (2) BOA's Amended Motion for Judicial Notice (*ECF 15*); and (3) the Olsons' Motion to Certify Question *(ECF 25)*. Although BOA's amended motion to dismiss is ripe for ruling, its determination is dependent upon the Olsons' motion to certify, which is not ripe. Those motions will be addressed in subsequent proceedings. This Order resolves only BOA's motion for judicial notice.

## II. Discussion

BOA moves the Court, under Federal Rule of Evidence 201, to take judicial notice of the following: (1) the Olsons' original Deed of Trust (attached to Decl. of Mark D. Etchart as Exhibit A – *ECF 16-1*); (2) the docket sheet from the Olsons' Chapter 13 bankruptcy (attached to Etchart Decl. as Exhibit B – *ECF 16-2*); (3) the Olsons' motion in the bankruptcy proceedings for an order approving the loan modification agreement (attached to Etchart Decl. as Exhibit C – *ECF 16-3*); (4) the Bankruptcy Court's order approving the loan modification (attached to

Etchart Decl. as Exhibit D – *ECF 16-4*); (5) and two notices of mortgage payment change dated August 17, 2013, and December 8, 2014 (attached to Etchart Decl. as Exhibits E and F, respectively – *ECF 16-5 and 16-6*). *See BOA's Am. Mtn. for Jud. Notice (ECF 15) at 2-3.*

In their response brief filed on January 29, 2015, the Olsons do not object to the Court taking judicial notice of Exhibits A, B, C, and D. *Olsons' Limited Objection to BOA's Am. Mtn. for Jud. Notice (ECF 20) at 2.* Accordingly, the Court will grant BOA's motion to the extent it relates to Exhibits A, B, C, and D.

But the Olsons do object to the Court taking judicial notice of Exhibits E and F. *Id.* They argue that the Court should deny BOA's motion with respect to Exhibits E and F because the Olsons dispute the accuracy of the Bank's escrow accounting as reflected in these exhibits. Thus, they argue, judicial notice of the contents of Exhibits E and F is inappropriate. *Id. at 3-4.*

The Olsons alternatively argue that if the Court grants BOA's motion to the extent it relates to Exhibits E and F, the Court also should take judicial notice of three other Notices of Mortgage Payment

Change, which they attach to their response brief, along with the Declaration of Robert Farris-Olsen, Exhibits 1 (*ECF 20-1*), 2 (*ECF 20-2*), and 3 (*ECF 20-3*). *ECF 20 at 4-5.*

BOA did not file a brief in reply to the Olsons' response brief and the time for doing so has passed. *See* Local Rule 7.1(d)(C) (providing that moving party may reply to non-dispositive motion within 14 days after response is filed). Therefore, the Court does not have the benefit of BOA's response to the Olsons' argument with respect to Exhibits E and F, nor does the Court know BOA's position with respect to the Olsons' alternative argument that the Court should take judicial notice of three other Notices of Mortgage Payment Changes.

Accordingly, IT IS ORDERED that BOA's Amended Motion for Judicial Notice (*ECF 15*) is GRANTED IN PART. The Court takes judicial notice of Exhibits A, B, C, and D attached to the Declaration of Mark D. Etchart (*ECF 16*). The Court does not at this time take judicial notice of Exhibits E & F.

DATED this 18th day of March, 2015.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge